IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INGEVITY CORPORATION and INGEVITY
SOUTH CAROLINA, LLC,

                      Plaintiffs,

       v.

BASF CORPORATION,

                    Defendant.

Civil Action No. 18-cv-1391-RGA

MEMORANDUM ORDER

The United States Magistrate Judge made a Report and Recommendation. (D.I. 147).

Both parties filed objections. (D.I. 158, 159). Both parties responded. (D.I. 174, 175).

The Magistrate Judge recommended that Plaintiffs' motion to dismiss Defendant's

counterclaims (D.I. 71) be denied and that the Court bifurcate Defendant's counterclaims. (D.I.

147 at 21, 27). The Magistrate Judge also recommended that Defendant's motion for leave to

amend its first amended answer, affirmative defenses, and counterclaims (D.I. 99) be denied.

(*Id.*). I will review the objections to each motion in turn.

**I.**     **MOTION TO DISMISS**

Magistrate Judges have authority to make recommendations for the disposition of case-

dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B). *See Beazer E., Inc. v. Mead Corp.*,

412 F.3d 429, 444 (3d Cir. 2005). Both sides agree that my review of any objections to this part

of the report is *de novo.* (D.I. 159 at 1; D.I. 174 at 3); *see* Fed. R. Civ. P. 72(b)(3).

1

from that of the patent at issue. *See Umland v. Planco Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). *Rohm & Haas*, which only pertains to nonstaple goods, therefore does not apply to Defendant's antitrust counterclaims. I thus overrule Plaintiffs' objection to the Magistrate Judge's recommendation regarding Defendant's tying counterclaim.

### B.    Exclusive dealing

The Magistrate Judge recommended that I deny Plaintiffs' motion to dismiss Defendant's exclusive dealing counterclaim for the Denso, KFTC, and MAHLE license agreements. (D.I. 147 at 13). The Magistrate Judge also recommended that I deny Plaintiffs' motion to dismiss Defendant's exclusive dealing counterclaim for the Delphi Agreement. (*Id.* at 15). Plaintiffs object to both recommendations. (D.I. 159 at 6-8).

First, Plaintiffs again argue that *Rohm & Haas* applies and that Plaintiffs therefore have "a statutory right to control" the goods during the term of the patent at issue. 448 U.S. at 213; (D.I. 159 at 6-7). Thus, Plaintiffs argue that they are able to control the market and eliminate competitors without violating antitrust laws. (D.I. 159 at 7). As previously stated, I find that Defendant's pleading sufficiently establishes that the honeycomb scrubbers are a staple product with separate market demand from the patent at issue. The fact that the honeycomb scrubbers are a staple product is taken as true, and therefore *Rohm & Haas* does not apply.

Second, Plaintiffs object that the Magistrate Judge erred in concluding "that whether the Delphi Agreement alone constitutes a substantial foreclosure is an issue of fact." (*Id.* at 8). Plaintiffs argue that because Defendant alleged only that the three license agreements and the Delphi Agreement combined foreclose at least 50% of the market, Defendant has not sufficiently alleged that the Delphi Agreement alone forecloses enough of the market. (*Id.*). I disagree. Defendant has clearly pled that Delphi is "one of the largest Tier 1 manufacturers of fuel vapor

canisters in the world," and that the Delphi Agreement could constitute a substantial foreclosure of the relevant market.  (D.I. 65 at ¶ 32).  Whether or not it does is a fact-intensive inquiry that is not properly disposed of before fact discovery.

I thus overrule Plaintiffs' objection to the Magistrate Judge's recommendation regarding Defendant's exclusive dealing counterclaim.

### C.    Tortious interference with prospective business relations

The Magistrate Judge recommended that I deny Plaintiffs' motion to dismiss Defendant's counterclaim for tortious interference with business relations under Delaware law.  (D.I. 147 at 19).  Plaintiffs object, relying on *Lipson v. Anesthesia Servs., P.A.*, 790 A.2d 1261, 1287 (Del. Super. 2001).  (D.I. 159 at 8-9).  Plaintiffs argue that the Magistrate Judge did not "acknowledge that Plaintiffs must employ improper means or improperly interfere with Defendant's prospective business relations in order for its alleged conduct to be found tortious."  (*Id.*) (cleaned up).  Regardless of what the Magistrate Judge did or did not acknowledge, the counterclaim makes allegations of improper means and interference.  (D.I. 61 at 36).  Thus, I overrule Plaintiffs' objection to the Magistrate Judge's recommendation regarding Defendant's counterclaim for tortious interference with business relations under Delaware law.

## II.    MOTION FOR LEAVE TO AMEND

The Third Circuit has held that a motion for leave to amend is a nondispositive motion because it does "not dispose of the lawsuit or a claim."  *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 251 (3d Cir. 1998).  A Magistrate Judge may determine nondispositive pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A).  *See Patel v. Meridian Health System, Inc.*, 666 F.App'x. 133, 135-36 (3d Cir. 2016).  Thus, Plaintiffs argue that my review of any objections to this part of the report is also pursuant to § 636(b)(1)(A): "A judge of the court may

reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." (D.I. 175 at 1); *see* Fed. R. Civ. P. 72(a). Under that standard, findings of fact are set aside only when the court is "left with the definite and firm conviction that a mistake has been committed." *Green v. Fornario*, 486 F.3d 100, 104 (3d Cir. 2007). "A Magistrate Judge's order is contrary to law when the magistrate judge has misinterpreted or misapplied the applicable law." *Masimo Corp. v. Philips Elec. N. Am. Corp.*, 62 F. Supp. 3d 368, 388 (D. Del. 2014) (cleaned up). Defendant does not argue for any other standard of review. (*See* D.I. 158). I will therefore review any findings of fact for clear error and review legal conclusions *de novo*. *See Cornell University v. Illumina, Inc.*, 2017 WL 89165, at *8 (D. Del. Jan. 10, 2017).

### A.    Inequitable conduct

The Magistrate Judge recommended that I deny Defendant's motion to amend to add an inequitable conduct affirmative defense. (D.I. 147 at 24). Defendant objects, arguing that it could not have brought the inequitable conduct counterclaims earlier because it did not have the specific facts necessary to do so until after June 2019. (D.I. 158 at 5). This is an objection to the Magistrate Judge's factual findings. Thus, I will review for clear error.

The Magistrate Judge concluded that the record showed that, "prior to the deadline for amended pleadings, [Defendant] had sufficient information to allege inequitable conduct." (D.I 147 at 24). The Magistrate Judge reviewed Defendant's own statements which demonstrated that Defendant had notice long before the deadline for amended pleadings of Delphi's involvement with the patent at issue and the relationship between Delphi and Plaintiffs. (*See* D.I. 147 at 24-25). The Magistrate Judge reviewed Defendant's October 12, 2018 opposition to Plaintiffs' motion for a preliminary injunction (D.I. 21). (D.I. 147 at 24). The opposition clearly

5

shows that, as of October 12, 2018, Defendants had knowledge of "conception and reduction to practice by Delphi employees." (*Id.* at 24-25). Defendants thus had ample time to pursue that information and determine the "who, what, when, where, and how" required to plead an inequitable conduct defense before the pleading deadline. The Magistrate Judge did not clearly err in determining that Defendant could have brought the inequitable conduct defense prior to the April 30, 2019 deadline for amended pleadings. Defendant's objection is thus overruled.

### B.     Unclean hands

The Magistrate Judge recommended that I deny Defendant's motion to amend its affirmative defense of unclean hands. (D.I. 147 at 25). Defendant objects for the same reasons as for the inequitable conduct defense. (D.I. 158 at 5). Thus, I overrule Defendant's objection for the same reasons.

### C.     Walker Process & Sham Litigation

The Magistrate Judge recommended that I deny Defendant's motion to amend its *Walker Process* and sham litigation counterclaims. (D.I. 147 at 26). Defendant objects for the same reasons as for the inequitable conduct defense. (D.I. 158 at 7). Thus, I overrule Defendant's objection for the same reasons.

## III.    CONCLUSION

The Magistrate Judge's Report and Recommendation (D.I. 147) is **ADOPTED**.[1] Plaintiffs' motion to dismiss (D.I. 71) is **DENIED**. Defendant's counterclaims are **BIFURCATED**. Defendant's motion for leave to amend (D.I. 99) is **DENIED**.

Entered this 23rd day of March, 2020

---

[1] Inasmuch as the Magistrate Judge's Report and Recommendation (D.I. 147) is a judicial opinion that I am adopting, IT IS HEREBY ORDERED that it is UNSEALED in full.

/s/ Richard G.  Andrews
United States District Judge