IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGEVITY CORPORATION and<br>INGEVITY SOUTH CAROLINA, LLC,<br><br>        Plaintiffs,<br><br>   v.<br><br>BASF CORPORATION,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 18-1391 (RGA)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT BASF CORPORATION'S MOTION FOR SUMMARY JUDGMENT AND
TO EXCLUDE OPINIONS OF INGEVITY'S DAMAGES EXPERT**

Pursuant to Federal Rule of Civil Procedure 56 and the Court's Scheduling Order, Defendant BASF Corporation moves for summary judgment and exclusion of Plaintiffs Ingevity Corporation and Ingevity South Carolina, LLC's ("Ingevity") expert opinions as follows:

1. The patent-in-suit is invalid as indefinite because while there are multiple ways to measure "incremental adsorption capacity," a key limitation of every claim, the patent does not specify which method to use, and different methods produce different results.

2. The patent-in-suit is invalid under 35 U.S.C. § 112 because the specification fails to describe or enable the full scope of the claimed "incremental adsorption capacity" ranges.

3. BASF does not infringe the patent-in-suit because Ingevity has admitted that the "incremental adsorption capacity" of the accused product is outside the range of "incremental adsorption capacity" taught by the patent-in-suit.

4. The patent-in-suit is anticipated under 35 U.S.C. § 102(g) because Delphi Technologies, Inc. was first to conceive of and diligently reduced to practice the alleged invention.

5. The patent-in-suit is unenforceable because Ingevity has committed patent misuse by improperly requiring customers to purchase its unpatented carbon adsorbents in order to receive licenses.

6. The opinions of Ingevity's damages expert should be excluded as unreliable because the opinions rely on data unrelated and untied to harm from the alleged

       infringement, are foundationally at odds with the hypothetical negotiation construct, and unreliably apply flawed economic methods to the facts.

7.     Ingevity is not entitled to damages because any harm identified by it or its expert are speculative, and there is no evidence in the record showing economic harm to Ingevity caused by BASF's alleged infringement.

The grounds for BASF's motion are set forth in its contemporaneously filed opening brief and supporting papers.

| | |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | |
| | */s/ Rodger D. Smith II* |
| OF COUNSEL: | |
| | Rodger D. Smith II (#3778) |
| Thomas J. Friel, Jr. | Anthony D. Raucci (#5948) |
| KING & SPALDING LLP | 1201 North Market Street |
| 601 South California Avenue, Suite 100 | P.O. Box 1347 |
| Palo Alto, CA  94304 | Wilmington, DE  19899 |
| (650) 422-6700 | (302) 658-9200 |
| | rsmith@mnat.com |
| James P. Brogan | araucci@mnat.com |
| Brian Eutermoser | |
| Kevin Lake | *Attorneys for Defendant BASF Corporation* |
| Angela Tarasi | |
| Mikaela Stone | |
| KING & SPALDING LLP | |
| 1515 Wynkoop Street Suite 800 | |
| Denver, CO  80202 | |
| | |
| Bobby R. Burchfield | |
| Norman Armstrong, Jr. | |
| Christopher C. Yook | |
| KING & SPALDING LLP | |
| 1700 Pennsylvania Avenue NW, Suite 200 | |
| Washington, DC  20006 | |
| | |
| Joseph D. Eng., Jr. | |
| KING & SPALDING LLP | |
| 1185 Avenue of the Americas, 35th Floor | |
| New York, NY  10036-2601 | |
| (212) 556-2205 | |
| | |
| June 12, 2020 | |

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 12, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on June 12, 2020, upon the following in the manner indicated:

| | |
|---|---|
| John W. Shaw, Esquire<br>Karen E. Keller, Esquire<br>Nathan R. Hoeschen, Esquire<br>Jeffrey T. Castellano, Esquire<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE  19801<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Jeffrey T. Thomas, Esquire<br>Frank P. Coté, Esquire<br>Eric T. Syu, Esquire<br>Taylor W. King, Esquire<br>Nathaniel R. Scharn, Esquire<br>GIBSON DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA  92612<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |
| Brian M. Buroker, Esquire<br>Omar F. Amin, Esquire<br>GIBSON DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC  20036<br>*Attorneys for Plaintiffs* | *VIA ELECTRONIC MAIL* |

Stuart M. Rosenberg, Esquire                                    *VIA ELECTRONIC MAIL*
GIBSON DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
*Attorneys for Plaintiffs*

Rustin K. Mangum, Esquire                                       *VIA ELECTRONIC MAIL*
Spencer W. Ririe, Esquire
MANGUM RIRIE LLP
999 Corporate Drive, Suite 260
Ladera Ranch, CA 92694
*Attorneys for Plaintiff*

                                                    */s/ Rodger D. Smith II*
                                                    _____
                                                    Rodger D. Smith II (#3778)