IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGEVITY CORPORATION, and<br>INGEVITY SOUTH CAROLINA, LLC,<br><br>      Plaintiffs,<br><br>   v.<br><br>BASF CORPORATION,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>) C.A. No. 18-1391-RGA<br>)<br>)<br>)<br>) |

### PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND TO EXCLUDE EXPERT TESTIMONY

Pursuant to Federal Rule of Civil Procedure 56, Plaintiffs Ingevity Corporation and Ingevity South Carolina, LLC ("Plaintiffs") hereby move for complete or partial summary judgment as follows:

1. Summary judgment in favor of Plaintiffs dismissing Defendant's equitable defense of patent misuse under all of the theories Defendant presented during discovery.

2. Summary judgment in favor of Plaintiffs dismissing Defendant's equitable defense of unclean hands because Defendant's allegations are legally insufficient.

3. Summary judgment in favor of Plaintiffs dismissing Defendant's equitable defenses of waiver, implied waiver and equitable estoppel because Defendant's allegations are legally insufficient.

4. Summary judgment in favor of Plaintiffs dismissing Defendant's enablement defense relies on a misapplication of law.

5. Partial summary judgment in favor of Plaintiffs that the accused EvapTrap XC product is a non-staple article of commerce under Plaintiffs' contributory infringement allegations.

In addition, pursuant to Federal Rule of Evidence 702 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), Plaintiffs hereby move to exclude expert testimony as follows:

1. Defendant's economic expert should be precluded from testifying on the equitable defense of patent misuse because she did not address patent misuse in her report and failed to understand the applicable legal standard.

2. Defendant's technical expert should be precluded from testifying on commercial issues for which he has no expertise and from offering testimony using the wrong legal standards for some invalidity grounds.

The grounds for this motion are set forth in Plaintiffs' Opening Memorandum of Points and Authorities in Support of its Motion for Summary Judgment and To Exclude Expert Testimony and the supporting declarations (including the exhibits thereto), submitted herewith.

|  |  |
|---|---|
| OF COUNSEL:<br>Jeffrey T. Thomas<br>Frank P. Coté<br>Eric T. Syu<br>Taylor W. King<br>Nathaniel R. Scharn<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Drive<br>Irvine, CA 92612<br>(949) 451-3800 | */s/ Karen E. Keller*<br>Karen E. Keller (No. 4489)<br>John W. Shaw (No. 3362)<br>Jeff Castellano (No. 4837)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>jshaw@shawkeller.com<br>kkeller@shawkeller.com<br>nhoeschen@shawkeller.com<br>*Attorneys for Plaintiffs* |

Brian M. Buroker
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036
(202) 955-8500

Stuart M. Rosenberg
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304
(650) 849-5300

Rustin K. Mangum
Spencer W. Ririe
MANGUM RIRIE LLP
999 Corporate Dr. #260
Ladera Ranch, CA 92694
(949) 298-5590

Dated: June 12, 2020