IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGEVITY CORPORATION, INGEVITY SOUTH CAROLINA, LLC,<br><br>        Plaintiffs,<br><br>    v.<br><br>BASF CORPORATION,<br><br>        Defendant. | C.A. No. 18-1391-RGA |

**PROPOSED PRELIMINARY JURY INSTRUCTIONS**

Pursuant to D. Del. L.R. 51.1(a) and the Court's Scheduling Order (D.I. 41), the parties submit the attached Joint Proposed Preliminary Jury Instructions. Where there is disagreement, separate proposed instructions are provided. These instructions are also being submitted via email to the Court in Word format.

| | |
|---|---|
| */s/ Jeff Castellano*<br>Karen E. Keller (No. 4489)<br>Jeff Castellano (No. 4837)<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>(302) 298-0700<br>kkeller@shawkeller.com<br>jcastellano@shawkeller.com<br><br>OF COUNSEL:<br><br>Jeffrey T. Thomas<br>Taylor W. King<br>Nathaniel R. Scharn<br>GIBSON, DUNN & CRUTCHER LLP<br>3161 Michelson Dr.<br>Irvine, CA 92612-4412 | */s/ Rodger D. Smith II*<br>Rodger D. Smith II (No. 3778)<br>Anthony D. Raucci (No. 5948)<br>MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>rsmith@mnat.com<br>araucci@mnat.com<br><br>OF COUNSEL:<br><br>Thomas J. Friel, Jr.<br>KING & SPALDING LLP<br>601 South Carolina Avenue, Suite 100<br>Palo Alto, CA 94304<br>(650) 422-6700 |

(949) 451-3800

Brian M. Buroker
Omar F. Amin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8500

Stuart M. Rosenberg
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
(650) 849-5389

Rustin K. Mangum
Spencer W. Ririe
MANGUM RIRIE LLP
999 Corporate Dr. #260
Ladera Ranch, CA 92694
(949) 298-5590

*Attorneys for Plaintiffs Ingevity Corporation and Ingevity South Carolina, LLC*

James P. Brogan
Brian Eutermoser
Angela C. Tarasi
Mikaela Stone
KING & SPALDING LLP
1515 Wynkoop Street, Suite 800
Denver CO 80202
(720) 535-2300

Bobby R. Burchfield
Norman A. Armstrong, Jr.
Christopher C. Yook
KING & SPALDING LLP
1700 Pennsylvania Avenue, NW
Washington, DC 20006
(202) 737-0500

Joseph D. Eng., Jr.
KING & SPALDING LLP
1185 Avenue of the Americas, 35th Floor
New York, NY 10036
(212) 556-2205

*Attorneys for Defendant BASF Corporation*

Dated: August 25, 2020

1.     **INTRODUCTION**

Members of the jury: Now that you have been sworn, I am now going to give you some preliminary instructions to guide you in your participation in the trial.  You will hear the evidence, decide what the facts are and then apply those facts to the law that I will give you. You and only you will be the judges of the facts.  You will have to decide what happens. I play no part in judging the facts.  You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.  My role is to be the judge of the law.  I make whatever legal decisions have to be made during the course of the trial and I will explain to you the legal principles that must guide you in your decisions.  You must follow the law that I give you, whether you agree with it or not.

**Source:** AIPLA 2019 Model Patent Jury Instructions; Preliminary Jury Instruction I, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019).

2.     **THE NATURE OF THE ACTION AND THE PARTIES**

This is a patent case.  The patent involved in this case relates to adsorbent systems. Adsorbent systems can be used to capture pollutants.  The adsorbent systems at issue here capture gasoline fuel vapors that might otherwise escape from a car's gas tank – products that are called fuel vapor canisters or evaporative emissions canisters.

During the trial, the parties will offer testimony to familiarize you with this technology.

Ingevity South Carolina, LLC is the owner of the patent at issue in this case.  Ingevity Corporation owns Ingevity South Carolina and licenses the patent from it.  The patent is identified by its Patent Office number:  RE38,844 (which may be called "the '844 Patent"). Ingevity South Carolina and Ingevity Corporation are the plaintiffs.

BASF Corporation is the other party here.  BASF is the defendant.

**Source:** AIPLA 2019 Model Patent Jury Instruction 1; Preliminary Jury Instruction 1, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019).

3. **UNITED STATES PATENTS**

Patents are granted by the United States Patent and Trademark Office (sometimes called the "PTO" or "USPTO"). A patent gives the owner the right to exclude others from making, using, offering to sell, or selling the claimed invention within the United States or importing it into the United States.

[I will now show you a short video made by the Federal Judicial Center that provides a description of the U.S. Patent System.]

**Source:** Preliminary Jury Instruction 2, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019).

4. **PATENT LITIGATION – [DISPUTED]**

Someone is said to be infringing a claim of a patent when they, without permission from the patent owner, import, make, use, offer to sell, or sell the claimed invention, as defined by the patent's claims, or if they contribute to the infringement by another or induce another to infringe within the United States before the term of the patent expires. Someone also is said to be infringing a claim of a patent when they, without permission from the patent owner, supply all or a substantial portion of the components of a patented invention, or a component of a product made or especially adapted for use in the invention, in a way that induces the combination of the components outside the United States in a manner that would infringe or knowing that the component is made or adapted for use in the invention and intending that such component will be combined outside of the United States in a manner that would infringe if made in the United States before the term of the patent expire**s. [BASF's Proposal: Those of you who are familiar with criminal cases will have heard the term "proof beyond a reasonable doubt." That**

**burden does not apply here, in a civil case, and you should, therefore, put it out of your mind in considering whether or not either party has met its burden of proof.]**

A patent owner who believes someone is infringing the exclusive rights of a patent may bring a lawsuit, like this one, to attempt to stop the alleged infringing acts or to recover damages. The patent owner, Ingevity, must prove infringement of the claims of the patents by a preponderance of the evidence. Ingevity must also prove its damages, if any, by a preponderance of the evidence. A preponderance of the evidence means that it is more likely than not that the thing alleged is true. To put it differently, if you were to put Ingevity's and BASF's evidence on the opposite sides of a scale, the evidence supporting Ingevity's claims of infringement and damages would have to make the scales tip slightly on its side.

A party accused of infringing a patent may deny infringement and/or prove that the asserted claims of the patent are invalid. When a party such as BASF challenges the validity of the patent, it must prove invalidity by clear and convincing evidence. Clear and convincing evidence is evidence that produces an abiding conviction that the truth of a factual contention is highly probable. Proof by clear and convincing evidence is thus a higher burden than proof by a preponderance of the evidence **[BASF's Proposal: but still lower than the "beyond a reasonable doubt" standard, which does not apply here]**.

**Source:** Preliminary Jury Instruction 3, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019); Final Jury Instruction 1.3, *St. Jude Medical et al. v. Volcano Corporation*, C.A. No. 10-631-RGA (D. Del. Oct. 19, 2012).

5.    **CONTENTIONS OF THE PARTIES [DISPUTED]**

Ingevity contends that BASF infringes Claims 1, 2, 4, 8, 11, 14, 18, 19, 21, 24, 27, 43, 45, 48, and 51 of the '844 Patent (these are called the "Asserted Claims") by making and using evaporative emissions canisters that incorporate its EvapTrap XC product in the United States.

3

Ingevity also contends that BASF has encouraged potential customers and testing partners to make and use evaporative emissions canisters that incorporate EvapTrap XC in a way that infringes the Patent and has contributed to the potential customers' and testing partners' infringement of the Patent. Ingevity must prove that BASF infringes one or more claims of the '844 Patent by a preponderance of the evidence. That means that Ingevity must show that it is more likely than not that BASF's EvapTrap XC infringes than it does not infringe.

To determine infringement, you must compare the accused products with each of the 15 Asserted Claims of Ingevity's patent. It will be my job to tell you what the language of the patent claims means. You must follow my instructions as to the meaning of the patent claims. You are not to define the patent claims yourselves.

A patent claim is infringed only if a product accused of direct infringement includes each and every element in that patent claim. If the products accused of direct infringement do not contain one or more elements in that claim, those products do not infringe that claim.

You must determine infringement with respect to each patent claim individually.

BASF denies that it has infringed the Asserted Claims of the '844 Patent and denies that it has encouraged its customers to infringe the Patent or contributed to infringement of the Patent. BASF also contends that the Asserted Claims of the '844 Patent are invalid. Invalidity of the Asserted Claims is a defense to infringement. Therefore, even though the Patent Examiner has allowed the claims of the '844 Patent, you, the jury, must decide whether each claim of the '844 Patent that is challenged by BASF is invalid. **[BASF's Proposal: I will instruct you later as to the ways in which a patent may be invalid. In general, however, a patent is invalid if it is not new or is obvious in view of the state of the art at the relevant time, or if the**

4

**description in the patent does not meet certain requirements. BASF must prove invalidity of each challenged claim by clear and convincing evidence.]**

**Source:** AIPLA 2019 Model Patent Jury Instruction 2; Preliminary Jury Instruction 4, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019). Federal Circuit Bar Association 2020 Model Patent Jury Instruction A.2.

**6.      CONDUCT OF THE JURY**

I have a few words about your conduct as jurors. First, I instruct that during the trial and until you have heard all the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even amongst yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. Many of you use cell phones, smart phones and other electronic devices and computers to access the internet and communicate with others. You must not talk to anyone about this case through any of those means. You also must not talk the old fashioned way of just talking. This includes your family and friends. You must not communicate with anyone about the case on any kind of electronic device or through email, text messaging, Twitter, Snapchat, internet chat rooms, blogs, or social networking sites such as Facebook. You may not use any similar technology or social media to either get or share information about this case, even if I have not specifically mentioned it here.

The lawyers, parties and witnesses are not supposed to talk to you outside the testimony and arguments presented in the courtroom. If any lawyer, party or witness does not speak to you when you pass in the hall, ride in the elevator or the like, it is because they are not supposed to talk with you, not because they are rude. That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.

Second, do not read or listen to anything related to the case that is not admitted into evidence. By that I mean if there are newspaper articles or radio or a television report relating to the case, do not read the article or watch or listen to the report.

In addition, do not try to do any independent research or investigation on your own in any matters related to the case or this type of case. Do not do any research on the internet, for example, about activated carbon technology. You are to decide the case upon the evidence presented at trial.

You should not consult dictionaries or reference materials such as the internet or any other electronic sources to obtain information about this case or to help you decide the case. Do not try to find out any information from any source outside what you hear in the courtroom. Do not reach any conclusion as to the claims or defenses until all the evidence is in. Keep an open mind until you start deliberations at the end of the case.

During the trial it may be necessary for me to talk to the lawyers out of your hearing by having a side bar, which is when we meet over there. If that happens, please be patient. We're not trying to keep important information from you. The side bars are necessary for me to fulfill my responsibility, which is to be sure that evidence is presented to you correctly under the law. We will, of course, do what we can to keep the number and length of these side bars to a minimum. While we meet, I may invite you to stand up and stretch and take a short break or if it's a lengthy issue perhaps even call a recess. I also may not always grant an attorney's request for a side bar. Do not consider my granting or denying a request for a side bar as any indication of my opinion of the case or of what your verdict should be.

Now, only the lawyers and I are allowed to ask questions of witnesses. You are not permitted, however, to ask questions of witnesses. If you wish, you may take notes during the

6

presentation of evidence, the summation or arguments of attorneys at the end of the case and during my instructions to you on the law.  You also get my instructions on the law in writing.  My courtroom deputy will arrange for pens, pencils and paper.  Any notes you take are for your own personal use, they are not to be given or read to anyone else.

We also have, as you can see, a court reporter, the person in front of the bench here, who will be transcribing the testimony during the course of the trial, but you should not assume that the transcripts will be available for your review during your deliberations, nor should you consider that notes that you or your fellow jurors may take as a kind of written transcript.  Instead, as you listen to the testimony keep in mind that you will be relying on your memory of that testimony during your deliberations.

Here are a couple other specific points to keep in mind about note taking.  It's permitted, it's not required.  Each of you may take notes, but no one is required to.  And the second thing is do not take your notes away from court.  If you do take notes, take them with you each time you leave the courtroom and leave them in the jury room when you leave at night.  At the conclusion of the case, after you have used your notes in deliberations, a court officer will collect and destroy them to protect the secrecy of your deliberations.

**Source:** Preliminary Jury Instruction 5, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019); Preliminary Jury Instructions, *Alarm.com v. SecureNet*, C.A. No. 1:15-cv-00807-RGA (D. Del. Jan. 28, 2019).

7.   **EVIDENCE**

The evidence from which you are to find the facts consists of the following:  the testimony of witnesses, documents and other things received as exhibits and any facts that are stipulated—that is, formally agreed to by the parties.

The following things are not evidence:  statements, arguments and questions of the lawyers for the parties in this case, objections by lawyers, any testimony I tell you to disregard, and anything you may see or hear about this case outside of the courtroom.  There are rules that control what can be received into evidence.

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks it is not permitted by the rules of evidence, that lawyer may object.  This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.  You should not be influenced by the fact an objection is made.  Objections to questions are not evidence.  Lawyers have an obligation to their clients to make objections when they believe the evidence being offered is improper under the rules of evidence.  You should not be influenced by the objection or my ruling on it.  If the objection is sustained, ignore the question.  If it is overruled, treat the answer like any other.  If you are instructed that some item of evidence you receive for a limited purpose only, you must follow that instruction.  Certain testimony or other evidence may be ordered struck from the record by me and I may also instruct you to disregard that evidence.  Do not consider any testimony or other evidence that gets struck or excluded.  Do not guess about what a witness might have said or what an exhibit might have shown.

There are two types of evidence that you may use in reaching your verdict: direct evidence and circumstantial evidence.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  An example of direct evidence is when the witness testifies about something that the witness knows through his or her own senses, something the witness has seen, felt, touched, heard or did.  If a witness testified that she saw it raining outside, that would be direct evidence that it was raining.

8

Circumstantial evidence is indirect proof, meaning proof of one or more facts from which you can infer or conclude another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could infer that it was raining outside.

You should consider all of the evidence, both direct and circumstantial, that is presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.

**Source:** Preliminary Jury Instruction 6, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019); Preliminary Jury Instructions, *Alarm.com v. SecureNet*, C.A. No. 1:15-cv-00807-RGA (D. Del. Jan. 28, 2019); *Bayer Healthcare LLC v. Baxalta Inc. et al.*, C.A. 1:16-cv-01122-RGA (D. Del. Jan. 23, 2019).

## 8. EVALUATING A WITNESS

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You are the sole judges of the credibility of the witnesses. Credibility means only whether a witness is worthy of belief. You should consider each witness's means of knowledge, strength of memory, and opportunity to observe; how reasonable or unreasonable the testimony is; whether it is consistent or inconsistent; whether it has been contradicted; the witness's biases, prejudices, or interests; the witness's manner or demeanor on the witness stand; and all circumstances that, according to the evidence, could affect the credibility of the testimony. You may believe everything a witness says or only part of it or none of it.

You are also going to hear some testimony from expert witnesses. When knowledge of a technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is someone that we often refer to as an expert witness and that

person is permitted to state his or her opinion on those technical matters.  However, you're not required to accept their opinion.  As with any other witnesses, it's up to you to determine the credibility of an expert witness.

**Source:** Preliminary Jury Instruction 8, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019); Preliminary Jury Instructions, *Alarm.com v. SecureNet*, C.A. No. 1:15-cv-00807-RGA (D. Del. Jan. 28, 2019).

## 9. TRIAL PROCEDURE

The trial will now begin.  We will start with the opening statements.  Before we do that, I want to explain the procedures that we will be following during the trial and the format of the trial.  This trial, like all jury trials, comes in six phases.  We have completed the first phase, which was to select you as jurors.

The second phase is the opening statements.  The opening statements of the lawyers are statements about what each side expects the evidence to show.  The opening statements are not evidence for you to consider in your deliberations.  It is simply an opportunity for the lawyers to explain what they expect the evidence will show.

In the third phase, the evidence will be presented to you.  Witnesses will testify and documents will be offered and admitted into evidence.  Ingevity goes first in .presenting its evidence on the issues for which it bears the burden of proof  These witnesses will be questioned by Ingevity's counsel in what is called direct examination.  After the direct examination of a witness is completed, BASF has an opportunity to cross-examine the witness.  After Ingevity has presented its evidence, BASF will put on its evidence with regard to those issues and also for the issues for which it bears the burden of proof.  The parties may present the testimony of a witness by having the individual testify live for you or by playing a videotape of the witness's deposition testimony.  Both are acceptable forms of testimony.  A deposition is the sworn testimony of a

witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

The evidence often is introduced piecemeal, meaning that all the evidence relating to an issue may not be presented all at one time but, rather, may be presented at different times during the trial. You are to wait until all the evidence comes in before you make any decisions. In other words, keep an open mind throughout the entire trial.

In the fourth phase, I will read you the final jury instructions. I will instruct you on the law that you must apply in this case. I have already explained to you a little bit about the law. In the fourth phase, I will explain the law to you in more detail.

In the fifth phase, the lawyers will again have an opportunity to talk to you in what is called "closing arguments." As with the opening statements, what the lawyers say in the closing arguments is not evidence for you to consider in your deliberations. It is an opportunity for the lawyers to summarize and interpret the evidence for you.

Finally, the sixth phase is the time for you to deliberate and reach a verdict. You will evaluate the evidence, discuss the evidence among yourselves, and decide the issues in this case.

**Source:** AIPLA 2019 Model Patent Jury Instruction 3; Preliminary Jury Instruction 9, *TQ Delta, LLC v. Adtran, Inc.*, C.A. No. 1:15-cv-00121-RGA (D. Del. Oct. 1, 2019); Preliminary Jury Instructions, *Alarm.com v. SecureNet*, C.A. No. 1:15-cv-00807-RGA (D. Del. Jan. 28, 2019).