IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INGEVITY CORPORATION, et al.,      :
                                   :
            Plaintiffs,            :
                                   :
      v.                           :      Civil Action No. 18-1391-RGA
                                   :
BASF CORPORATION,                  :
                                   :
            Defendant.             :

**MEMORANDUM ORDER**

In Ingevity's summary judgment/*Daubert* brief, it seeks to exclude the testimony of two of BASF's experts.  (D.I. 293 at 30-40).

One of the experts, Dr. Mathur, is an economist who will offer antitrust-related testimony in support of a patent misuse defense.  There is no challenge to her qualifications or to whether her testimony comports with the methods and principles of economics.  Instead, Ingevity argues it should be excluded because she does not identify a "patent misuse legal standard."  She does not purport to be a lawyer.  I am not going to exclude her testimony simply because she does not identify a legal standard.  Ingevity also seeks to exclude opinions that Ingevity says she has not expressed.  That argument, however, is not a *Daubert* argument.  If at trial she offers opinions that are not disclosed in her report, Ingevity should object at that time.

The other expert is a chemical engineer, James Lyons.  There is no challenge to his qualifications or whether his testimony comports with the methods and principles of chemical engineering.  Ingevity states that he is going to offer opinions about what is a commercial sale.  BASF says he is not.  If Mr. Lyons starts testifying at trial outside his undisputed area of

expertise, Ingevity should, if it matters, object.  Ingevity argues that he too will apply incorrect legal standards.  Ingevity bases this mostly on deposition testimony that demonstrated that Mr. Lyons is not a legal scholar.  I do not think the fact that he cannot explain legal concepts is particularly relevant to whether or not his testimony should be admitted.  In any event, if at trial he attempts to testify about legal concepts, Ingevity should object at that time.

Ingevity's motion to exclude portions or all of the two experts' testimony on the basis of *Daubert* (D.I. 291 at 2) is DENIED without prejudice to making any relevant objections to trial testimony.  The summary judgment issues raised by the motion will be addressed separately.

IT IS SO ORDERED this 21st day of October 2020.


  /s/ Richard G. Andrews
United States District Judge