IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INGEVITY CORPORATION, and | ) | |
| INGEVITY SOUTH CAROLINA, LLC, | ) | |
| | ) | **Redacted- Public Version** |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. 18-1391-RGA |
| | ) | |
| BASF CORPORATION, | ) | ███████████ |
| | ) | |
| Defendant. | ) | |

**LETTER TO THE HONORABLE RICHARD G. ANDREWS FROM KAREN E. KELLER**

OF COUNSEL:
Jeffrey T. Thomas
Taylor W. King
Nathaniel R. Scharn
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Dr.
Irvine, CA 92612-4412
(949) 451-3800

Brian M. Buroker
Omar F. Amin
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
(202) 955-8500

Stuart M. Rosenberg
GIBSON, DUNN & CRUTCHER LLP
1881 Page Mill Road
Palo Alto, CA 94304-1211
(650) 849-5389

John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Plaintiffs*

Rustin K. Mangum
Spencer W. Ririe
MANGUM RIRIE LLP
999 Corporate Dr. #260
Ladera Ranch, CA 92694
(949) 298-5590

Dated: October 20, 2020



Karen E. Keller
I.M. Pei Building
1105 North Market St., 12th Floor
Wilmington, DE 19801
(302) 298-0702
kkeller@shawkeller.com

October 20, 2020

<u>**VIA CM/ECF**</u>
The Honorable Richard G. Andrews
United States District Court for the District of Delaware
844 North King Street
Wilmington, DE 19801



**Redacted- Public Version**

Re:     *Ingevity Corp. v. BASF Corp.*, C.A. No. 18-1391-RGA

Dear Judge Andrews:

BASF has not followed the Court's direction to reduce its defenses to be presented at trial to three, but instead has lumped together dozens of defenses with at least seven distinct legal bases, each of which comprises multiple factual grounds.[1] BASF's refusal to meaningfully narrow its defenses prejudices Ingevity by requiring trial preparation on numerous arguments and a vast amount of evidence, only a fraction of which could be presented to the jury. Accordingly, Ingevity requests that the Court enforce its direction at the pre-trial conference and require BASF to promptly identify the three invalidity grounds that it will pursue in its limited time at trial.

**1.      BASF Has Not Narrowed to Three Defenses**

As the Court observed at the pretrial conference (D.I. 371 at 37:22-25), BASF listed in the Proposed Pre-Trial Order (D.I. 364) at least nine discrete legal bases for invalidity. BASF has eliminated only two defenses: incorrect inventorship under § 102(f) and derivation under § 102(f). Although BASF lists its remaining defenses next to *three* bullet points, BASF still asserts *seven* discrete legal bases for invalidity, identifying three different § 112 bases next to the first bullet (indefiniteness, enablement, and written description),[2] three different § 102 bases next to the second bullet (§§ 102(a), 102(b), and 102(g)(2)), and § 103 next to the third bullet.[3] Even so, BASF has not narrowed its case to seven invalidity defenses, because each of the seven remaining legal bases comprises distinct defenses based on different facts.

After reviewing BASF's letter brief, Ingevity on October 16, 2020 sought further clarification from BASF regarding the legal and factual grounds BASF intends to present, and on October 20, 2020 (the day of this filing), BASF confirmed that it is pursuing the following grounds (Ex. 3):

1.  Indefiniteness of the IAC limitations under 35 U.S.C. § 112, ¶ 2 because (1) different techniques for measuring IAC may yield different results and (2) the adsorbent "volume"

---

[1]  Ingevity complied on September 14, narrowing the asserted claims from 15 to 8.  Ex. D at 7.
[2]  It is settled law "that § 112, first paragraph, contains a written description requirement separate from enablement."  *Ariad Pharm., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1340 (Fed. Cir. 2010).
[3]  These same seven legal bases were listed next to four different bullet points in correspondence on October 2, 2020. Ex. D at 3. BASF apparently changed its list to three bullet points to appear as if it had complied with the Court's direction.

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 2

      terms are unclear. Ex. 1 ¶¶ 146-282.

2. Lack of adequate written description under 35 U.S.C. § 112, ¶ 1 for (1) the IAC > 35 g/L limitations and (2) the IAC < 35 g/L limitations. *Id.* at ¶¶ 283-303.

3. Lack of enablement under 35 U.S.C. § 112, ¶ 1 for (1) the IAC > 35 g/L limitations and (2) the IAC < 35 g/L limitations. *Id.*

4. Prior invention by another under 35 U.S.C. § 102(g)(2) with respect to (1) the system in Delphi's record of invention (*id.* ¶¶ 307-335), (2) Delphi's commercial canister system (*id.* ¶¶ 336-369); and (3) the Delphi foam canister (*id.* ¶¶ 370-376).

5. Anticipation under 35 U.S.C. § 102(a) based on BASF's allegations that the claimed inventions were known or used by others, namely *four different manufacturers* via *five different* "prior art canister systems," and that Ingevity's interactions with *seven* other customers evidence others' "knowledge" of the invention. *Id.* at ¶¶ 304-531.

6. Anticipation under 35 U.S.C. § 102(b) based on BASF's allegations that the claimed inventions were in public use more than a year prior to the date of the application for the '844 Patent by four different manufacturers via five different "prior art canister systems," and by Ingevity, which BASF's October 20 email confirms involves evidence related to 11 different customers and 15 alleged prior art canister systems. *Id.* at ¶¶ 304-554; Ex. 3.

7. Obviousness under 35 U.S.C. § 103 in view of (1) the Meiller and Park references and (2) Meiller and "prior art canisters systems," which relies on 15 different canister systems. *Id.* ¶¶ 430-546, 556, 559, 564-615, 623-624, 687-693.[4]

BASF's email confirms that its description of its defenses and required proofs is inaccurate. For example, BASF's October 15 letter brief states that BASF's indefiniteness defense requires "only three proofs," directed to a measurement technique theory of indefiniteness. D.I. 406 at 2. BASF's letter brief implies that BASF dropped its volume-based indefiniteness argument, but BASF's October 20 email confirmed that it continues to pursue that indefiniteness ground (Ex. 3), which requires wholly different proofs outside of BASF's "only three proofs" representation. Indeed, BASF's technical expert Jim Lyons's opening report devotes approximately 28 pages to the measurement technique argument (Ex. 1 at ¶¶ 147-224) and 20 pages to the adsorbent volume-based argument (id. ¶¶ 225-282). BASF's "only three proofs" assertion also ignores the numerous factual arguments in support of its measurement technique indefiniteness defense (e.g., alleged uncertainty regarding gravimetric versus volumetric techniques, how to determine apparent density, how to determine the adsorbent volume, and how to determine the lower bound of IAC). Ex. 1 ¶¶ 147-224. BASF's statement minimizing the required proofs is simply wrong.

Nor is it true that BASF's other defenses, including its other § 112 defenses, "largely share a

---

[4] Ingevity lists the Meiller + prior art canister systems ground as one ground for simplicity, but this ground includes the Meiller reference plus unspecified combinations of 15 different canister systems (Ex. 1 at 107-08). If BASF were counting § 103 "grounds" according to PTAB rules, BASF would have at least 16 different § 103 grounds. At trial, BASF will need to prove the attributes of each canister system, that each canister system qualifies as prior art, and that a person of skill in the art would have been motivated to combine whatever combinations of prior art references BASF *may* actually argue at trial. BASF's expert's opening report devotes more than 75 pages to discussing these prior art canister systems, and his reply report devotes more than 100 pages to them. Ex. 1 at ¶¶ 304-546; Ex. 2 ¶¶ 161-522.

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 3

common factual base." D.I. 406 at 2. Whether the specification describes a particular measurement technique for IAC (*one* of BASF's indefiniteness grounds) is wholly separate from the four grounds BASF raises for enablement and written description defenses—all they have in common is that they in some way relate to the IAC elements of the claims. Even the facts and evidence for BASF's two *enablement* defenses are not the same, as the evidence and proofs associated with the IAC < 35 g/L terms are wholly different from those for enablement of the IAC > 35 g/L terms. *Compare* Ex. 1 ¶¶ 284-291 (IAC > 35) *with* ¶¶ 292-303 (IAC < 35). The same is true of BASF's numerous other legal and factual grounds under §§ 102, 103, and 112.

Mr. Lyons's reports illustrate the minimal extent of BASF's narrowing. Mr. Lyons authored four reports related to invalidity, including a 249-page opening report, a 293-page reply report, and two supplemental reports, along with thousands of pages of exhibits.[5] Exs. 1-2. BASF's narrowing has only clearly eliminated a handful of § 103 prior art combinations, which, from Mr. Lyons's four invalidity-related reports, accounted for fewer than 70 total pages—less than half of Mr. Lyons's discussion § 103 alone—and approximately 7-total pages dedicated to BASF's two § 102(f) arguments. The vast majority of the opinions, analysis, and evidence presented in Mr. Lyons's four invalidity-related reports spanning hundreds of pages remains at issue.

## 2.      The Court's Management of this Case Does Not Violate BASF's Due Process Rights

BASF contends that requiring it to identify the cases it will present at trial implicates due process concerns, but it is well-settled that "[i]n complex cases . . . the district court 'needs to have broad discretion to administer the proceeding.'" *In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1313 (Fed. Cir. 2011). BASF cites *Katz* for a supposed statement that "limiting the number of defenses a party may raise implicates due process concerns." D.I. 406 at 3. However, the quoted language is not in *Katz*. Instead, even the appealing party "did not question the need to limit the number of claims in order to make the case manageable," and the court concluded that burdening the party "in the best position to narrow the dispute" with narrowing "will benefit the decision-making process and therefore will not offend due process unless the burden allocation unfairly prejudices the claimant's opportunity to present its claim." *Id.* at 1311; *see also Certusview Techs., LLC v. S & N Locating Servs.*, LLC, 2014 WL 4930803, at *6 (E.D. Va. Oct. 1, 2014) ("[T]he Court . . . has the authority to limit the number of invalidity arguments and prior art references that defendants may assert.").

BASF should not be permitted to shroud the defenses it will actually present to the jury among the vast body of evidence and arguments it has raised, thus wasting Ingevity's resources as it prepares for trial. Accordingly, Ingevity respectfully requests that the Court order BASF to promptly select the three specific invalidity grounds that it will pursue in its limited time at trial, setting forth the specific statutory subsection on which that ground is based and the evidentiary basis (without vague hedging language like "and/or" or "prior art canister systems").

---

[5]  Because Ingevity attaches Mr. Lyons's voluminous opening and reply reports and does not cite specifically to Mr. Lyons's exhibits or supplemental reports, Ingevity does not attach the exhibits and supplemental reports here to avoid an even more voluminous filing.

SHAW KELLER LLP

The Honorable Richard G. Andrews
Page 4

Respectfully,

*Karen E. Keller*

Karen E. Keller (No. 4489)


cc:   Clerk of the Court (via CM/ECF)
      All Counsel of Record (via CM/ECF and email)

# EXHIBITS 1-2
# Redacted in their Entirety

# EXHIBIT 3

| | |
|---|---|
| **From:** | Eutermoser, Brian |
| **To:** | Scharn, Nathaniel R.; BASF/Ingevity; Rodger D. Smith II (rsmith@mnat.com); Anthony D. Raucci (araucci@mnat.com) |
| **Cc:** | *** Ingevity v. BASF; spencer@mangumririe.com; rustin@mangumririe.com; Karen Keller; Jeff Castellano; nhoeschen@shawkeller.com |
| **Subject:** | RE: Ingevity v. BASF - Case Narrowing Clarification |
| **Date:** | Tuesday, October 20, 2020 8:34:09 AM |

[External Email]

Nate,

BASF will present the invalidity defenses listed in our October 15th letter to Judge Andrews and my October 2nd email to you.  Consistent with the list we provided, BASF will not assert the on-sale bar of §102(b) as a separate defense, but will rely on evidence of offers and sales by Westvaco and its customers to show that knowledge and use of the combination of honeycombs and canisters and of the alleged invention was "public."

The four U.S. customers for purposes of BASF's public knowledge/use defense under §§102(a) and (b) are Delphi, ███████████████.  As we've said before, BASF will not present evidence that foreign uses of prior art canister systems made by Westvaco's foreign customers were known in the United States, but may rely on disclosures by Westvaco and others to such customers to establish that knowledge and use by Westvaco and its customers in the U.S. was "public" under §§102(a) and (b) and known to a POSITA for purposes of §103.

BASF does not intend to limit the scope of evidence it may present in support of its indefiniteness defense, which includes the evidence disclosed in BASF's expert reports and cited in BASF's summary judgment motion on this issue.

Finally, BASF has significantly reduced both the obviousness combinations and the §§102(a) and (b) evidence it will present at trial.  Further limiting the scope of BASF's obviousness evidence to specific canister systems could improperly exclude relevant evidence concerning the knowledge of a POSITA, which is a necessary component of any obviousness analysis.

Brian

---

**Brian Eutermoser**
*Counsel*
King & Spalding LLP
1515 Wynkoop Street, Suite 800
Denver, CO 80202
T: +1 720 535 2312  |  E: beutermoser@kslaw.com

---

**From:** Scharn, Nathaniel R. <NScharn@gibsondunn.com>
**Sent:** Friday, October 16, 2020 4:32 PM
**To:** BASF/Ingevity <BASFIngevity@KSLAW.com>; Rodger D. Smith II (rsmith@mnat.com) <rsmith@mnat.com>; Anthony D. Raucci (araucci@mnat.com) <araucci@mnat.com>

**Cc:** *** Ingevity v. BASF <IngevityvBASF@gibsondunn.com>; spencer@mangumririe.com; rustin@mangumririe.com; Karen Keller <kkeller@shawkeller.com>; Jeff Castellano <jcastellano@shawkeller.com>; nhoeschen@shawkeller.com
**Subject:** Ingevity v. BASF - Case Narrowing Clarification

**\*\*External Sender\*\***
Counsel,

So that Ingevity can respond to your October 15, 2020 letter (D.I. 406), please clarify the following points:

- Please confirm that BASF will not present at trial an invalidity defense based on the "on sale" provision of § 102(b).
- For BASF's § 102(a) defenses, BASF states that "BASF has voluntarily narrowed this defense to focus on four U.S. customers, including Delphi." D.I. 406 at 2. Please identify which entities BASF considers to be the other three U.S. customers.
- For BASF's § 102(b) defenses based on "public use . . . in this country," please identify which systems BASF will present at trial as alleged public use under § 102(b). Please also clarify whether BASF intends to present at trial evidence of public use by only the four U.S. customers referenced above, or whether BASF intends to present evidence of alleged public use in connection with the other seven customers BASF has identified, as BASF's statement that it "may rely on evidence concerning Westvaco's disclosures to [Westvaco's foreign customers] to establish that knowledge and use by Westvaco and its customers in the U.S. was 'public' . . . ." makes that point unclear. BASF Oct. 15, 2020 Letter, Ex. D at 3.
- For BASF's indefiniteness defense, BASF references only a method of measurement argument in its Letter. D.I. 406 at 2. Please confirm that BASF will not continue to pursue an indefiniteness argument based on the relationship of the "volume" terms to the IAC terms.
- For BASF's § 103 defenses, we understand that BASF intends to pursue the combination of Meiller and Park (with no other references in that combination). Please confirm. With respect to BASF's "Meiller in view of . . . prior art canister systems known to a POSITA" combinations (D.I. 406 at 1), we note that BASF has identified 15 canister systems. Lyons Opening Report at 107-08. Please identify the combinations BASF will present.

As you know, our responsive letter brief is due on Tuesday, so we would appreciate a prompt response.

Regards,
Nate


**Nathaniel R. Scharn**

## GIBSON DUNN

Gibson, Dunn & Crutcher LLP
3161 Michelson Drive, Irvine, CA 92612-4412
Tel +1 949.451.3994 • Fax +1 949.475.4694
NScharn@gibsondunn.com • www.gibsondunn.com

This message may contain confidential and privileged information for the sole use of the intended recipient. Any review, disclosure, distribution by others or forwarding without express permission is strictly prohibited. If it has been sent to you in error, please reply to advise the sender of the error and then immediately delete this message.

Please see our website at https://www.gibsondunn.com/ for information regarding the firm and/or our privacy policy.

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice.