IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

INGEVITY CORPORATION, et al.,

          Plaintiffs,

   v.                                Civil Action No. 18-1391-RGA

BASF CORPORATION,

          Defendant.

**MEMORANDUM ORDER**

WHEREAS, the parties submitted a status report (D.I. 572);

WHEREAS, it was the Court's understanding that the "immunity" issues, by agreement of the parties, would be decided by the Court after the trial based on the evidence presented at trial;

WHEREAS, the Court thus expects to produce a document with findings of fact and conclusions of law, and hopes to do so expeditiously;

NOW, THEREFORE, in order to move this case forward, IT IS THE ORDER OF THE COURT this 7 day of October 2021 that:

BASF shall submit proposed findings of fact (with citations to the trial record) and conclusions of law on the "immunity" issues within two weeks, Ingevity shall respond with any objections to the proposed findings and conclusions within two weeks, and BASF may reply within one week, the page limits being 15-15-8;

After the Court makes the findings of fact and conclusions of law and has entered a judgment, BASF may file its motion relating to prejudgment interest and Ingevity may file its

post-trial motions, with the page limits on the briefing on BASF's motion being 10-10-5, and the total page limits on Ingevity's post-trial motions (no matter how many of them there are) being 20-20-10 for the lot.[1]

*Richard G. Andrews*
United States District Judge

---

[1] I note the laundry list of issues ("the immunity defenses, the staple article . . . issue, [the] tying claim, [the] exclusive dealing claim, [the] tortious interference claim, and the damages awards" (D.I. 572 at 9)) Ingevity wants to discuss in its posttrial motions. In other words, every single thing in the antitrust case. Ingevity needs to make some choices about what its best arguments are.