IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INGEVITY CORPORATION and<br>INGEVITY SOUTH CAROLINA, LLC,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>BASF CORPORATION,<br><br>　　　　Defendant. | Civil Action No. 18-1391-RGA |

MEMORANDUM ORDER

Before me is BASF's motion for prejudgment interest. (D.I. 595). I have considered the parties' briefing. (D.I. 595, 602, 605). For the reasons set forth below, I will **DENY** BASF's motion.

After a seven-day trial, the jury returned a verdict finding that BASF proved by a preponderance of the evidence that (1) Ingevity unlawfully tied licenses to U.S. Patent No. RE38,844 ("the '844 patent") to sales of Ingevity's carbon honeycombs; (2) Ingevity engaged in unlawful exclusive dealing; and (3) Ingevity knew about and unlawfully interfered with a prospective business relationship between BASF and Kayser. (D.I. 553 at 1–2). The jury awarded BASF $28,285,714 (later trebled to $84,857,142) on the federal antitrust claims and $16,483,475 on the state law claim. (D.I. 551). I entered a judgment in favor of BASF on May 18, 2023. (D.I. 585). Because these sums are not cumulative, the total amount of the judgment is $84,857,142. (*Id.*). BASF now requests $6,832,575 in prejudgment interest under Delaware law. (D.I. 595 at 1).

BASF contends that prejudgment interest is awarded as a matter of right in Delaware. (*Id.* at 2). Because its tortious interference claim arises under state law, BASF argues that it is entitled to prejudgment interest. (*Id.*). BASF further argues that prejudgment interest should be calculated at the legal rate, compounded quarterly. (*Id.* at 3). BASF contends that its treble damages award does not preclude it from recovering prejudgment interest because treble damages and prejudgment interest "serve different purposes." (*Id.* at 5).

Ingevity argues that BASF "seeks an improper double recovery." (D.I. 602 at 1). Ingevity contends that BASF has elected its federal antitrust remedy—which includes treble damages—and therefore cannot reap the benefits of a state law remedy for the same harm. (*Id.* at 2–3). Ingevity cites to the Second Circuit, which required a plaintiff to elect between a smaller federal law judgment with treble damages and attorneys' fees and a larger state law judgment with punitive damages. (*Id.* at 3–4 (citing *Kelco Disposal, Inc. v. Browning-Ferris Indus. of Vt., Inc.*, 845 F.2d 404, 406–07, 411 (2d Cir. 1988))). Ingevity also cites to the Ninth Circuit, which held that a plaintiff electing a state law remedy cannot obtain attorneys' fees relying upon a federal law remedy. (*Id.* at 4 (citing *Am. Computech, Inc. v. Nat'l Med. Care, Inc.*, 959 F.2d 239 (9th Cir. 1992))). Ingevity further argues that prejudgment interest is improper when, as here, a statute already compensates a party fully. (*Id.* at 5).[1]

BASF denies that it has already elected a federal remedy. (D.I. 605 at 2 n.1). BASF contends, "BASF said repeatedly that it was pursuing both remedies. If BASF had to choose between these nonduplicative remedies, it would choose treble damages; but no such election is required." (*Id.* (citing D.I. 572 at 1; D.I. 584-1 at 2)). BASF argues that elections are only

---

[1] Ingevity argues that if I grant BASF's motion, I should apply simple interest, not compound interest. (D.I. 602 at 6–8).

required for inconsistent remedies. (*Id.* at 1). Prejudgment interest, BASF argues, "is 'designed to compensate for loss of the time value of money,'" while treble damages do not account for the time value of money, so the two are consistent. (*Id.* at 3 (citations omitted)).

Although BASF disputes that it has elected a remedy, it effectively did that by submitting a proposed judgment that specifies: (1) that the total amount of damages is $84,857,142, and (2) that the state law and federal law damages are not cumulative. (*See* D.I. 584-1). BASF is therefore attempting to recover prejudgment interest for a remedy that it did not elect. I note that BASF, during the trial, stated:

> The Court: In other words, it's $28 million, but if something happened to the antitrust, you'd get $16 million on the tortious interference?
>
> Mr. Friel: Correct. . . .

(D.I. 571 at 1473:12–16). BASF has thus acknowledged that it will either recover the trebled damages of $84,857,142 for its antitrust claims under federal law, or it will recover $16,483,475 for its tortious interference claim under state law. BASF has not established why it should be permitted to recover prejudgment interest when its entire damages award falls under a federal statute that does not permit prejudgment interest. *See, e.g.*, *Trio Process Corp. v. L. Goldstein's Sons, Inc.*, 638 F.2d 661, 663 (3d Cir. 1981) (stating "prejudgment interest has been held to be impermissible as an element of damages in a suit under § 4 of the Clayton Act"). If BASF wished to recover prejudgment interest, it needed to elect the smaller damages award for tortious interference instead of the trebled antitrust damages.[2]

BASF's reliance on *Data General Corp. v. Grumman Systems Support Corp.*, 36 F.3d 1147 (1st Cir. 1994), *abrogated on other grounds by Reed Elsevier, Inc. v. Muchnick*, 559 U.S.

---

[2] If the antitrust verdicts are reversed but the state law claim is sustained, I would entertain a renewed motion for prejudgment interest.

3

154 (2010), is unpersuasive. The prejudgment interest issue in *Data General* involved federal copyright law and state trade secrets law. Both provided for prejudgment interest. *Id.* at 1158 n.18. Although the jury awarded the same amount on each of Data General's federal and state claims, the judgment "d[id] not expressly reference the federal copyright claim." 825 F. Supp. 340, 346 (D. Mass. 1993), *aff'd in part*, 36 F.3d 1147 (1st Cir. 1994). The district court judge acknowledged that *Kelco* supports electing between state and federal remedies instead of recovering a mix of the two, but distinguished *Kelco* because the decision focused on antitrust law and was issued in a different circuit. *Id.* I do not think *Data General* supports awarding prejudgment interest to BASF. The First Circuit permitted Data General to recover the higher of two prejudgment interest amounts; the parties did not seem to dispute whether Data General was entitled to prejudgment interest in the first place. The *Data General* reasoning does not relate to antitrust damages either, unlike *Kelco*. The present judgment further shows that BASF is recovering trebled damages under federal law; the judgment is not ambiguous.

I thus **DENY** BASF's motion for prejudgment interest. (D.I. 595). In light of my disposition, I do not need to decide the parties' dispute over compound and simple interest.

IT IS SO ORDERED.

Entered this 13 day of February, 2024

/s/ Richard G. Andrews
United States District Judge